HOLLAND & KNIGHT LLP
ASHLEY L. SHIVELY (SBN 264912)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
E-mail: ashley.shively@hklaw.com

Attorneys for Defendant
CarGuard Administration, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY MOORE through her attorney in fact ALISHA GORE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LEGION AUTO PROTECTION SERVICES, WALCO FUNDING, LLC AND CARGUARD ADMINISTRATION, INC.<br><br>　　　　　　Defendants. | Case No.: 5:21-cv-01192-JGB-SHK<br><br>[*Assigned to the Hon. Jesus G. Bernal United States District Judge*]<br><br>**DEFENDANT CARGUARD ADMINISTRATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant CarGuard Administration, Inc. ("CarGuard"), by and through its undersigned counsel, hereby answers the Class Action Complaint ("Complaint") (ECF No. 1) filed by Betty Moore through her attorney in fact Alisha Gore ("Plaintiff") and on behalf of all others similarly situated, by responding to the numbered paragraphs as follows:

## PRELIMINARY STATEMENT

1. CarGuard admits that Plaintiff's Complaint concerns unproven allegations that CarGuard violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). CarGuard further denies that any action or omission in this District amounted to illegal, negligent, or willful violations of the TCPA. CarGuard is without knowledge of whether Plaintiff's allegations are based on her own acts and experiences, or upon information and belief, and therefore denies the same.

2. CarGuard denies making any unwanted telephone calls to Plaintiff or putative class members' phone numbers. CarGuard is without knowledge of whether Plaintiff and the putative class members' phone numbers were registered with the National Do-Not-Call Registry and therefore denies the same. CarGuard further admits that Plaintiff's lawsuit purports to challenge all calls that were purportedly sent by Defendants to Plaintiff and the putative class members' phone numbers from August 1, 2017, through the date of filing the lawsuit. However, CarGuard specifically denies any that any action or omission in this District amounted to illegal, negligent, or willful violations of the TCPA.

3. CarGuard admits that the TCPA is a federal statute and that its contents speak for itself. CarGuard further admits that Plaintiff cites to language from the United States Supreme Court's opinion in *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. CarGuard denies Plaintiff's allegation in Paragraph 4 that the Fifth Amendment to the Constitution of the United States stands for the proposition that the FCC had previously stated the TCPA's prohibition on automatic telephone dialing

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

systems encompasses voice and text calls, including short message service (SMS) calls. CarGuard admits that Plaintiff also purports to cite to 47 U.S.C. § 227(b)(1)(A)(iii) and *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010). CarGuard further admits that this federal statute and decision from the United States District Court for the Northern District of California speak for themselves.

5. CarGuard admits that, as part of enacting the TCPA, Congress made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102-243, § 11. CarGuard further admits that Plaintiff's additional quotation of TCPA, Pub. L. No. 102-243, § 12, is an accurate representation of the contents therein.

## JURISDICTION AND VENUE

6. CarGuard admits the allegations of Paragraph 6 for jurisdictional purposes only.

7. CarGuard admits the allegations of Paragraph 7 for venue purposes only. CarGuard further denies that any action or omission in this District amounted to illegal, negligent, or willful violations of the TCPA.

8. CarGuard admits the allegations of Paragraph 8 for jurisdictional purposes only. CarGuard further denies that it has placed calls, either directly or on its behalf, to Plaintiff and the putative class members. CarGuard further denies that any action or omission of CarGuard constituted unlawful telemarketing practices.

## PARTIES

9. CarGuard is without knowledge of the allegations in Paragraph 9 and therefore denies the same.

10. CarGuard is without knowledge of the allegations in Paragraph 10 and therefore denies the same.

11. CarGuard is without knowledge of the allegations in Paragraph 11 and therefore denies the same.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

12. CarGuard admits the allegations in Paragraph 12.

13. CarGuard denies the allegations in Paragraph 13.

## FACTUAL ALLEGATIONS

14. CarGuard admits that the allegations in Paragraph 14 contains a legal conclusion to which no response is required. If CarGuard must respond to these allegations, CarGuard denies the same.

15. CarGuard is without knowledge of the allegations in Paragraph 15 and therefore denies the same.

16. CarGuard is without knowledge of the allegations in Paragraph 16 and therefore denies the same.

17. CarGuard admits that it conducts business in the State of California. To the extent the allegations in Paragraph 17 relate or refer to the actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

18. CarGuard admits that it is a provider of vehicle protection plans to consumers. To the extent the allegations in Paragraph 18 relate or refer to entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

19. CarGuard admits that it has entered into a direct marketing agreement with Defendant Legion, whereby Defendant Legion may sell vehicle protection plans administered by CarGuard in certain states. CarGuard is without knowledge of any alleged unlawful telemarketing campaign promoted and/or conducted by Defendant Legion or Defendant WalCo and therefore denies the same. CarGuard further denies participating in the alleged unlawful telemarketing campaign referenced in Paragraph 19.

20. CarGuard admits that Defendant WalCo is the payment plan provider for vehicle protection plans that are administered by CarGuard and sold by Defendant Legion since June 2020. CarGuard is without knowledge of any alleged unlawful

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

telemarketing, including the alleged telemarketing calls placed to Plaintiff and putative class members, promoted and/or conducted by Defendant Legion and therefore denies the same.

21. CarGuard is without knowledge of the allegations in Paragraph 21 and therefore denies the same.

22. CarGuard admits that it is a provider of vehicle protection plans to consumers. CarGuard further admits that it acts as the administrator of the vehicle protection plans it provides. CarGuard further denies that it promotes its vehicle protection plans through illegal telemarketing. CarGuard is without knowledge of Defendant Legion's telemarketing practices and therefore denies that Defendant Legion has participated in illegal telemarketing practices.

23. CarGuard denies that it has repeatedly called thousands of consumers using an automatic telephone dialing system in violation of the TCPA. To the extent the allegations in Paragraph 23 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

24. CarGuard denies that it utilizes autodialed telemarketing calls to market and advertise its business. CarGuard further denies making at least two (2) calls to Plaintiff between approximately February and March 2021. To the extent the allegations in Paragraph 24 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

25. CarGuard is without knowledge of the allegations in Paragraph 25 and therefore denies the same.

26. CarGuard denies that it or its authorized sales agents concealed or "spoofed" their actual phone number from Plaintiff and the putative class members. To the extent the allegations in Paragraph 26 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

27. CarGuard is without knowledge of the allegations in Paragraph 27 and therefore denies the same.

28. CarGuard is without knowledge of the allegations in Paragraph 28 and therefore denies the same.

29. CarGuard admits that Plaintiff neither provided her phone number to CarGuard nor her consent to receive calls from CarGuard. To the extent the allegations in Paragraph 28 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

30. CarGuard is without knowledge of the allegations in Paragraph 30 and therefore denies the same.

31. CarGuard is without knowledge of the allegations in Paragraph 31 and therefore denies the same.

32. CarGuard denies making any telephone call as alleged in Paragraph 32. To the extent the allegations in Paragraph 32 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

33. CarGuard denies making any telephone call as alleged in Paragraph 33. To the extent the allegations in Paragraph 33 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

34. CarGuard denies making any telephone call as alleged in Paragraph 34. To the extent the allegations in Paragraph 34 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

35. CarGuard admits that Plaintiff never consented to CarGuard sending to messages to her telephone. To the extent the allegations in Paragraph 35 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

DEFENDANT CARGUARD ADMINISTRATION, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

36. CarGuard denies the allegations in Paragraph 36.

37. CarGuard denies that Plaintiff was damaged by any action or omission by CarGuard. To the extent the allegations in Paragraph 37 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

38. CarGuard is without knowledge of the allegations in Paragraph 38 and therefore denies the same.

39. CarGuard is without knowledge of the allegations in Paragraph 39 and therefore denies the same.

40. CarGuard denies the allegations in Paragraph 40 to the extent those allegations refer or relate to CarGuard. To the extent the allegations in Paragraph 40 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

41. CarGuard denies that Plaintiff was damaged by any action or omission by CarGuard. To the extent the allegations in Paragraph 41 relate or refer to actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

42. CarGuard is without knowledge of the allegations in Paragraph 42 and therefore denies the same.

## **LIABILITY FOR CALLS PLACED BY THIRD PARTIES**

43. CarGuard denies the allegations in Paragraph 43.

44. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of the May 2013 ruling issued by the Federal Communications Commission ("FCC") in Paragraph 44. CarGuard further admits that the FCC May 2013 ruling speaks for itself and denies any allegation in Paragraph 44 inconsistent with that ruling.

45. CarGuard denies the allegations in Paragraph 45.

46. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of the May 2013 ruling issued by the FCC in Paragraph 46. CarGuard further

admits that the FCC May 2013 ruling speaks for itself and denies any allegation in Paragraph 46 inconsistent with that ruling.

47. CarGuard denies that: (1) it took steps to cause or approve the calls at issue; (2) any such calls were made pursuant to its actual authority, apparent authority, and/or ratification; and (3) that it acted in a joint enterprise or in concert with any other Defendant in this case.

48. CarGuard denies the allegations in Paragraph 48.

49. CarGuard denies the allegations in Paragraph 49.

50. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of a 1995 Memorandum Opinion and Order issued by the FCC. CarGuard further admits that the 1995 Memorandum Opinion and Order speaks for itself and denies any allegation in Paragraph 50 inconsistent with the same.

51. CarGuard is without knowledge of the allegations in Paragraph 51 and therefore denies the same.

52. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of the May 2013 ruling issued by the FCC in Paragraph 52. CarGuard further admits that the FCC May 2013 ruling speaks for itself and denies any allegation in Paragraph 52 inconsistent with that ruling.

53. CarGuard denies the allegations in Paragraph 53.

54. CarGuard denies the allegations in Paragraph 54.

55. CarGuard denies the allegations in Paragraph 55.

56. CarGuard denies the allegations in Paragraph 56.

57. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of the May 2013 ruling issued by the FCC in Paragraph 57. CarGuard further admits that the FCC May 2013 ruling speaks for itself and denies any allegation in Paragraph 57 inconsistent with that ruling.

58. CarGuard denies the allegations in Paragraph 58.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 7 –   Case No.: 5:21-cv-01192-JGB-SHK
DEFENDANT CARGUARD ADMINISTRATION, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

59. CarGuard is without knowledge of the allegations in Paragraph 59 and therefore denies the same.

60. CarGuard denies the allegations in Paragraph 60.

61. CarGuard denies the allegations in Paragraph 61.

62. CarGuard denies the allegations in Paragraph 62.

63. CarGuard denies the allegations in Paragraph 63.

64. CarGuard denies the allegations in Paragraph 64.

## CLASS ACTION ALLEGATIONS

65. Paragraph 65 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, TMCC denies that Plaintiff or her counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any class or subclass.

66. Paragraph 66 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, TMCC denies that Plaintiff or her counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any class or subclass.

67. CarGuard denies that this action may be maintained as a class pursuant to Fed. R. Civ. P. 23 and specifically denies that there is a well-defined community of interest in the litigation and that the proposed class is easily ascertainable. Plaintiff's remaining allegation in Paragraph 67 is a reservation of rights that requires no response from CarGuard. If CarGuard must respond to this remaining allegation, CarGuard denies the same.

68. CarGuard denies the allegations in Paragraph 68.

69. CarGuard denies the allegations in Paragraph 69.

70. No response is required to the allegations in Paragraph 70 because they are legal conclusions and are based on Plaintiff's implied legal conclusion that they are entitled to certification of any class. If CarGuard must respond to these allegations, CarGuard denies the same.

71. Paragraph 71, including all subparts, does not contain factual allegations and therefore no response to it is required. To the extent a response is required, CarGuard denies that Plaintiff or her counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any class or subclass.

72. Paragraph 72 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, CarGuard denies that Plaintiff or her counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any class or subclass.

73. Paragraph 73 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, CarGuard denies that Plaintiff or her counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any class or subclass.

74. CarGuard denies the allegations in Paragraph 74 to the extent it relates or refers to the actions of CarGuard. To the extent the allegations in Paragraph 74 relates or refers to entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

75. Paragraph 75 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, CarGuard denies that Plaintiff or her counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any class or subclass.

76. Paragraph 76 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, CarGuard denies that Plaintiff or her counsel have met the requirements for class certification, or are entitled to bring this lawsuit on behalf of any class or subclass.

77. Paragraph 77 does not contain factual allegations and therefore no response to it is required. To the extent a response is required, CarGuard denies that Plaintiff or her counsel have met the requirements for class certification, or are entitled

to bring this lawsuit on behalf of any class or subclass. CarGuard further denies that Plaintiff is entitled to any injunctive relief whatsoever.

## COUNT I

## VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227

**(Against Legion on Behalf of Plaintiff and the Do Not Call Registry Class)**

78. CarGuard incorporates by reference its answers to Paragraphs 1-77 as if fully set forth herein.

79. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(c) in Paragraph 79. CarGuard further admits that 47 C.F.R. § 64.1200(c) speaks for itself and denies any allegation in Paragraph 79 inconsistent with that federal regulation.

80. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(e) in Paragraph 80. CarGuard further admits that 47 C.F.R. § 64.1200(e) speaks for itself and denies any allegation in Paragraph 80 inconsistent with that federal regulation.

81. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(d) in Paragraph 81. CarGuard further admits that 47 C.F.R. § 64.1200(d) speaks for itself and denies any allegation in Paragraph 81 inconsistent with that federal regulation.

82. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 U.S.C. § 227(c) in Paragraph 82. CarGuard further admits that 47 U.S.C. § 227(c) speaks for itself and denies any allegation in Paragraph 82 inconsistent with that federal statute.

83. The allegations in Paragraph 83 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 10 –   Case No.: 5:21-cv-01192-JGB-SHK
DEFENDANT CARGUARD ADMINISTRATION, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

84. The allegations in Paragraph 84 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

85. The allegations in Paragraph 85 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

86. The allegations in Paragraph 86 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

## COUNT II
## VIOLATION OF THE TCPA
## 47 U.S.C. § 227
### (Against WalCo Funding on Behalf of Plaintiff and the Do Not Call Registry Class)

87. CarGuard incorporates by reference its answers to Paragraphs 1-77 as if fully set forth herein.

88. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(c) in Paragraph 88. CarGuard further admits that 47 C.F.R. § 64.1200(c) speaks for itself and denies any allegation in Paragraph 88 inconsistent with that federal regulation.

89. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(e) in Paragraph 89. CarGuard further admits that 47 C.F.R. § 64.1200(e) speaks for itself and denies any allegation in Paragraph 89 inconsistent with that federal regulation.

90. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(d) in Paragraph 90. CarGuard further admits that 47 C.F.R. § 64.1200(d) speaks for itself and denies any allegation in Paragraph 90 inconsistent with that federal regulation.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

91. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 U.S.C. § 227(c) in Paragraph 91. CarGuard further admits that 47 U.S.C. § 227(c) speaks for itself and denies any allegation in Paragraph 91 inconsistent with that federal statute.

92. The allegations in Paragraph 92 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

93. The allegations in Paragraph 93 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

94. The allegations in Paragraph 94 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

95. The allegations in Paragraph 95 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

## COUNT III
## VIOLATION OF THE TCPA
## 47 U.S.C. § 227

**(Against CarGuard on Behalf of Plaintiff and the Do Not Call Registry Class)**

96. CarGuard incorporates by reference its answers to Paragraph 1-77 as if fully set forth herein.

97. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(c) in Paragraph 97. CarGuard further admits that 47 C.F.R. § 64.1200(c) speaks for itself and denies any allegation in Paragraph 97 inconsistent with that federal regulation.

98. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(e) in Paragraph 98. CarGuard further admits that 47

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

C.F.R. § 64.1200(e) speaks for itself and denies any allegation in Paragraph 98 inconsistent with that federal regulation.

99. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 C.F.R. § 64.1200(d) in Paragraph 99. CarGuard further admits that 47 C.F.R. § 64.1200(d) speaks for itself and denies any allegation in Paragraph 99 inconsistent with that federal regulation.

100. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 47 U.S.C. § 227(c) in Paragraph 100. CarGuard further admits that 47 U.S.C. § 227(c) speaks for itself and denies any allegation in Paragraph 100 inconsistent with that federal statute.

101. CarGuard denies the allegations in Paragraph 101.

102. CarGuard denies the allegations in Paragraph 102.

103. CarGuard denies the allegations in Paragraph 103.

104. CarGuard denies the allegations in Paragraph 104.

In response to unnumbered prayer for relief following Paragraph 104, CarGuard denies that Plaintiff is entitled to any relief whatsoever.

## COUNT IV
## VIOLATION OF THE EFTA
## 12 C.F.R. § 1005.7(b)(7)
**(Against WalCo Funding on Behalf of Plaintiff)**

105. CarGuard incorporates by reference its answers to Paragraphs 1-77 as if fully set forth herein.

106. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 12 C.F.R. § 1005.7(b)(7) in Paragraph 106. CarGuard further admits that 12 C.F.R. § 1005.7(b)(7) speaks for itself and denies any allegation in Paragraph 106 inconsistent with that federal regulation.

107. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 12 C.F.R. § 1005.7(h)(i) in Paragraph 107. CarGuard further admits that 12

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1  C.F.R. § 1005.7(h)(i) speaks for itself and denies any allegation in Paragraph 107 inconsistent with that federal regulation.

108. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 12 C.F.R. § 1005.10(c) in Paragraph 108. CarGuard further admits that 12 C.F.R. § 1005.10(c) speaks for itself and denies any allegation in Paragraph 108 inconsistent with that federal regulation.

109. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 12 C.F.R. § 1005.10(c) in Paragraph 109. CarGuard further admits that 12 C.F.R. § 1005.10(c) speaks for itself and denies any allegation in Paragraph 109 inconsistent with that federal regulation.

110. The allegations in Paragraph 110 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

111. The allegations in Paragraph 111 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

112. The allegations in Paragraph 112 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

113. The allegations in Paragraph 113 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

114. The allegations in Paragraph 114 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

///

///

///

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

# COUNT V

# VIOLATION OF THE EFTA

# 12 C.F.R. § 1005.7(b)(7)

**(Against Legion on Behalf of Plaintiff)**

115. CarGuard incorporates by reference its answers to Paragraphs 1-77 as if fully set forth herein.

116. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 12 C.F.R. § 1005.7(b)(7) in Paragraph 116. CarGuard further admits that 12 C.F.R. § 1005.7(b)(7) speaks for itself and denies any allegation in Paragraph 116 inconsistent with that federal regulation.

117. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 12 C.F.R. § 1005.7(h)(i) in Paragraph 117. CarGuard further admits that 12 C.F.R. § 1005.7(h)(i) speaks for itself and denies any allegation in Paragraph 117 inconsistent with that federal regulation.

118. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 12 C.F.R. § 1005.10(c) in Paragraph 118. CarGuard further admits that 12 C.F.R. § 1005.10(c) speaks for itself and denies any allegation in Paragraph 118 inconsistent with that federal regulation.

119. CarGuard admits that Plaintiff attempts to cite, quote, and/or characterize portions of 12 C.F.R. § 1005.10(c) in Paragraph 119. CarGuard further admits that 12 C.F.R. § 1005.10(c) speaks for itself and denies any allegation in Paragraph 119 inconsistent with that federal regulation.

120. The allegations in Paragraph 120 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

121. The allegations in Paragraph 121 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

122. The allegations in Paragraph 122 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

123. The allegations in Paragraph 123 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

124. The allegations in Paragraph 124 are not directed to CarGuard and therefore require no response. If CarGuard must respond to these allegations, CarGuard denies the same.

In response to the unnumbered Prayer for Relief following Paragraph 94, CarGuard denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

To the extent CarGuard has not responded in full to any other allegation in the Complaint, that allegation is denied. Each allegation not specifically admitted is specifically denied.

## AFFIRMATIVE DEFENSES

As to affirmative and other defenses to the Complaint, CarGuard asserts:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff and the putative class fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any calls placed to Plaintiff or the putative class were not placed or initiated by CarGuard.

## THIRD AFFIRMATIVE DEFENSE

To the extent any calls placed to Plaintiff or the putative class were done by other entities, individuals, and/or independent contractors, and to the extent that any violation of the TCPA occurred, which CarGuard denies, such a violation resulted from

good faith reliance on incorrect information offered by persons or entities other than an agent or employee of CarGuard.

### FOURTH AFFIRMATIVE DEFENSE

Although CarGuard specifically denies that it has any liability with respect to Plaintiff's' claims and allegations, CarGuard asserts that it has established and implemented, with due care, reasonable practices to discourage violations of the TCPA.

### FIFTH AFFIRMATIVE DEFENSE

CarGuard is not liable for the actions or omissions of co-defendants Legion Auto Protection Services and WalCo Funding, LLC.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff or putative class members sustained injuries or damages, which CarGuard denies, the alleged injuries and damages, if any, were caused solely by the acts, wrongs, or omissions of other persons or entities over which CarGuard had no control and for which CarGuard is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of purported class members, are barred to the extent they are untimely under any applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

CarGuard is entitled to an offset, set off, and/or recoupment with respect to any monies received by Plaintiffs and purported class members, from any source, in compensation for their alleged economic and non-economic damages under, *inter alia*, the doctrine prohibiting double recovery set forth under *Witt v. Jackson*, 57 Cal.2d 57 (1961), and its progeny.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class lack standing to bring their claims.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law and thus cannot seek equitable relief.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the purported class members, are barred by *res judicata*, collateral estoppel, and/or judicial estoppel, including where Plaintiff and purported class members failed to disclose such claims in previous bankruptcy proceedings.

**TWELFTH AFFIRMATIVE DEFENSE**

Even if CarGuard committed any actionable conduct, which CarGuard expressly denies, such conduct was not the proximate cause of Plaintiff's or purported class members' alleged injuries and damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the purported class members, are barred, in whole or in part, by the doctrines of estoppel and laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the purported class members, to the extent they consented to any alleged conduct in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

CarGuard hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves its rights to supplement or amend its answer and assert such defenses.

Dated: September 01, 2021

HOLLAND & KNIGHT LLP

*/s/ Ashley L. Shively*
Ashley L. Shively

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, I caused to be electronically filed the foregoing document entitled:

- **DEFENDANT CARGUARD ADMINISTRATION INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system, in particular on the following:

Seth Lehrman
Edwards Pottinger LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
E-mail: seth@epllc.com

By: _____*Philip Dobbs*_____
Philip Dobbs